**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devi Cooper, | No. CV-22-01222-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Duenas, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Remand to State Court (Doc. 31). The Court is also in receipt of Plaintiff's Notice of No Objection to Defendants' Motion to Remand Case to State Court (Doc. 33). The Court finds it no longer has diversity jurisdiction over the present action; accordingly, the Court remands this case to Maricopa County Superior Court.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, district courts have removal jurisdiction only over "state-court actions that could have been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). There are two primary sources of federal court jurisdiction: 28 U.S.C. § 1331, federal question or "arising under" jurisdiction; and 28 U.S.C. § 1332, diversity jurisdiction. In order to invoke the Court's diversity jurisdiction, a removing defendant must show both that she and plaintiff are not residents of the same state, and that

the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

On June 2, 2022, Plaintiff filed a Complaint (Doc. 1-3 at 5–11) in Maricopa County Superior Court alleging two claims for negligence.  Plaintiff is a resident of Arizona.  (*Id.* at ¶ 1).  On July 21, 2022, then Defendants[1] removed the action to this Court on the basis of diversity jurisdiction.  (*See* Doc. 1 at 3–4).  On October 7, 2022, Plaintiff filed her First Amended Complaint ("FAC") (Doc. 17) joining Jose Duenas as a Defendant.  The FAC alleges that this Court has personal jurisdiction over Jose Duenas because he is a resident of Arizona.  (Doc. 1 at ¶¶ 2, 8).  Thus, Defendants' motion to remand the present matter to state court is proper because there is no longer complete diversity of the parties.  28 U.S.C. § 1447(e); *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) ("[O]nce the non-diverse defendants were joined remand became mandatory. . . . A district court may not allow joinder and retain jurisdiction."). Plaintiff has no objection to the remand.  (Doc. 33).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Remand to State Court (Doc. 31) is **GRANTED.**  The Clerk of the Court is kindly directed to **REMAND** this case to Maricopa County Superior Court re: CV2022-006985.

Dated this 20th day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[1] Juan Doe, husband; Jane Doe I, wife; US Foods Inc., a corporation; John Does I-V; Jane Does II-V; Black Partnerships I-V; and White Corporations IV were the named Defendants at the time of removal. (*See generally* Doc. 1 at ¶¶ 3–5).